**Henry Swincsynski, Appellee, v. Kelly Coal Company, Appellant.**

1. VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

2. INSTRUCTIONS—*when authorizing allowance for future suffering appropriate.* An instruction is appropriate which authorizes the jury in an action for personal injuries to take into consideration upon the amount of damages to be awarded, future suffering in body and mind, etc., if the evidence shows that at the time of the trial the plaintiff had not recovered from his injuries.

Action in case for personal injuries. Appeal from the Circuit Court of Vermilion county; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed October 25, 1909.

O. M. JONES and CHARLES TROUP, for appellant; MASTIN & SHERLOCK, of counsel.

THOMAS A. GRAHAM, for appellee; WALTER V. DYSERT, of counsel.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case brought by appellee, a coal miner, against appellant, to recover damages for a personal injury caused by the alleged wilful violation of the act relative to mines and mining. The declaration charges that on December 15, 1906, plaintiff was in the employ of the defendant as a coal miner digging coal in a certain room of its mine; that on said day and prior thereto there were no blocks or cap pieces in said room, and that the same were necessary for the purpose of securing the roof of said room; that on said day, and prior thereto, the plaintiff had demanded of defendant's mine manager props of the length of eight feet, and cap pieces, for the purpose of securing the roof of said room; that defendant wilfully failed

and neglected after said demand to furnish said props and cap pieces, and that while plaintiff was at work in said room on said day, a large rock from the roof of said room fell and struck plaintiff and seriously injured him. The jury returned a verdict in favor of the plaintiff and assessed his damages at $2600 and the court rendered judgment upon such verdict.

It is first urged that the verdict is manifestly against the weight of the evidence. Appellee, who was injured on Saturday at about eight o'clock in the morning, testified that on the previous Thursday morning he discovered a loose rock in the roof of his working place, and that afternoon told the mine manager that he needed eight-foot props and cap pieces in that room; that the mine manager told him "that is all right," but that no props were delivered; that on the next afternoon he again demanded timbers of the mine manager, but that upon reaching his room and on Saturday morning he found no props there, and that while he was shoveling coal in the car, the rock, which had not been propped in any way, fell upon him.

One Guralski, a fellow miner, testified that he was in appellee's room about thirty minutes after he was hurt, and that he did not see any props there, but that he did not just "exactly" look for any. William Swincsynski testified that after appellee was hurt he and others tried to lift the rock from him, and for that purpose looked for props but found none in the room.

The mine manager testified that on the morning of the accident he entered appellee's room and found a dangerous rock there, and arranged with appellee and his buddy to take the rock down; that he inquired of them whether they had enough timbers, to which they replied they had plenty, and that he noticed a pile of timbers in the room; that after he heard of the accident he called two other men, Moody and Weineberger, and went to appellee's room; that they found timbers there; that this was about an hour after appellee was injured. He was corroborated as to the presence of

timbers in the room by Moody and Weineberger. The mine examiner testified that on the second night before the accident he saw the timber hauler unloading props in front of the room, and on the following night, being the night before the day of the accident, he saw eight or ten props in the room. The timber hauler testified that two nights before the accident he delivered a load of timbers to the room in question. It will be seen that the evidence was in sharp conflict, and that the testimony of the greater number of witnesses tended to show the presence of props in the room at the time of the accident. The question was one of fact for the determination of the jury. While we think the evidence as we read it in the record, would as well have supported a finding to the contrary, we do not feel convinced after a careful examination of all the evidence, that the verdict was clearly and manifestly against the weight of the evidence.

It is insisted that appellee's fifth given instruction was erroneous, for the reason that it authorized the jury in determining the amount of damages to be awarded, to take into consideration such future suffering in body and mind, and loss of health, if any, as they believed from the evidence he would sustain by reason of his injuries. In support of such objection it is contended that there is no evidence in the record rendering it reasonably certain that appellee would suffer or lose his health in the future. There was evidence that at the time of the trial the plaintiff had not recovered from his injury, and it necessarily follows that there would be future damages to some extent. He testified that he could not at the time of the trial, which was more than two years after the injury, bend his knee more than two or three inches, and could not walk very far without a cane; that the injury had affected his head, and that he always felt some kind of a noise in his head, and could not hear well. Two physicians testified that the injury to appellee's knee was permanent. In view of this evidence we are of opinion that it was

not error to give the instruction in question. C. & M. E. Ry. Co. v. Ullrich, 213 Ill. 172. We think that the refused instruction offered by appellant was fully covered by appellant's given instruction 15. We do not think the amount awarded appellee as damages can be said to be so grossly excessive as to warrant a reversal of the judgment.

We find no prejudicial error in the record, and the judgment of the Circuit Court is affirmed.

*Affirmed.*